NOT FOR PUBLICATION

FILED

DEC 14 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30174 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-02070-LRS-1 |
| v. | |
| MATILDA LUCILLE JIM, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, Chief District Judge, Presiding

Submitted December 9, 2009[**]
Seattle, Washington

Before: BEEZER, GOULD and TALLMAN, Circuit Judges.

Matilda Jim appeals her conviction and 51-month sentence for assault with a

dangerous weapon in violation of 18 U.S.C. §§ 1153 and 113(a)(3). Jim argues

that her Fifth and Sixth Amendment rights were violated when one of the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

government's witnesses referred to the substance of statements made at the scene of the assault by witnesses who did not appear at trial. This testimony, Jim argues, violated her Sixth Amendment right to confront the witnesses against her and her due process right to a trial free from government vouching. Finally, Jim contends that the district court erred in increasing her base offense score by six levels due to the severity of the victim's injuries. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jim's Fifth and Sixth Amendment claims rely on the same inference from Officer Piel's testimony.[1] Officer Piel testified that he spoke with witnesses at the scene and included their statements in his police report. Jim claims that this testimony indicated: (1) that Officer Piel interviewed witnesses in addition to the four who testified at trial, and (2) that the additional witnesses named Jim as the aggressor in the fight.

After carefully reviewing the record, we determine, contrary to Jim's argument, that Officer Piel made no reference to statements made by any non-testifying witness. Where there is no non-testifying witness, there can be no violation of Jim's right to confront that witness. *See Crawford v. Washington*, 541

---

[1] The facts of the case are familiar to the parties and we do not recite them here except as necessary to explain our decision.

U.S. 36, 51 (2004) (holding that "[t]he text of the Confrontation Clause . . . applies to 'witnesses' against the accused—in other words, those who 'bear testimony'").

Similarly, because the record does not support Jim's reading of Officer Piel's testimony, we find no merit in her Fifth Amendment vouching claim. Vouching occurs where a prosecutor "indicates that information not presented to the jury supports the witness's testimony." *United States v. Hermanek*, 289 F.3d 1076, 1098 (9th Cir. 2002). Jim argues that Officer Piel's testimony implied that non-testifying witnesses labeled Jim as the culpable party in the fight. The record contains no reference to non-testifying witnesses, however, so there is no basis for Jim's vouching claim.

Jim's final claim of error involved the district court's application of a six-level increase to her base offense score because of the severity of the injury to the victim's face. *See* U.S. Sentencing Guidelines §§ 2A2.2(b)(3); 1B1.1 cmt. nn.1(J) & 1(L). The district court found that the victim's facial scar constituted "obvious disfigurement," a finding that is not clearly erroneous given the testimony that the victim required 72 stitches and notices the scar daily. The district court's decision to apply the six-level enhancement, rather than the five-level enhancement Jim urged or the seven-level enhancement that the district court also considered, was

not an abuse of discretion. *See United States v. Rodriguez-Cruz*, 255 F.3d 1054, 1059 (9th Cir. 2001).

**AFFIRMED.**